**FILED**
**May 11, 2026**
**09:03 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | |
|---|---|
| TERLANDA NUNN,<br>        **Employee**,<br>v.<br>AMAZON.COM, LLC,<br>        **Employer**,<br>and<br>AMERICAN ZURICH INS. CO.,<br>        **Carrier**,<br>and<br>TROY HALEY,<br>**ADMINISTRATOR, BUREAU OF**<br>**WORKERS' COMPENSATION,**<br>**SUBSEQUENT INJURY AND**<br>**VOCATIONAL RECOVERY**<br>**FUND.** | Docket No. 2025-80-4064<br><br>State File No. 77917-2024<br><br>Judge Allen Phillips |

## EXPEDITED HEARING ORDER

At an expedited hearing on April 23, 2026, Ms. Nunn requested a panel of ENT physicians and additional temporary disability benefits. For the reasons below, the Court finds Amazon provided a valid panel of ENT physicians. The Court further denies her request for additional temporary disability benefits.

### Claim History

On October 24, 2024, Ms. Nunn tripped and fell, striking her face. Amazon did not contest the incident and furnished treatment at an urgent-care clinic.

On November 12, a nurse practitioner diagnosed neck and back strains, a facial contusion, and dizziness. However, the notes record that Ms. Nunn's complaints of head injury symptoms seemed "quite excessive." She released Ms.

1

Nunn to return to work with restrictions, and at two more visits in November, she maintained the diagnoses and restrictions.

Amazon offered Ms. Nunn work within her restrictions, but she refused. She was terminated for violation of Amazon's attendance policy.

Amazon then honored a neurology referral. On January 14, 2025, neurologist Dr. Alan Nadel recorded Ms. Nunn's history of ongoing headaches and dizziness. She also complained of leg weakness. Dr. Nadel found nothing objective on his examination and questioned whether Ms. Nunn was "embellishing her symptoms." However, Dr. Nadel believed Ms. Nunn would benefit from an ENT evaluation for her dizziness.

Despite his opinions regarding embellishment, Dr. Nadel placed Ms. Nunn off work, and Amazon began paying temporary disability benefits. Amazon continued paying through April 14, 2025, even though Dr. Nadel said Ms. Nunn could return to work as of February 26. Dr. Nadel also noted his continuing belief that Ms. Nunn was embellishing her symptoms.

Amazon furnished Ms. Nunn three panels of ENTs after some difficulty finding physicians who would accept workers' compensation patients. Ultimately, a valid panel was assembled, but Ms. Nunn declined to choose a physician, stating among other concerns that some were located too far away. However, at trial, she agreed to accept a physician from the third panel.

Ms. Nunn said she has not worked since leaving Amazon because of her head injury symptoms and described marked physical debilitation from her injury.

Because she considers herself unable to work, Ms. Nunn wanted Amazon to pay temporary total disability benefits from the date of injury to present and ongoing.

Ms. Nunn also said Amazon had not paid all her medical bills, but she offered none as evidence. She also admitted on cross-examination that she had not provided any bills to Amazon.

For its part, Amazon agreed to schedule an appointment with an ENT but contended it had paid all temporary disability benefits to which Ms. Nunn was entitled. Specifically, Ms. Nunn acknowledged that she was released by Dr. Nadel on February 26, although she was paid through April. Ms. Nunn also admitted that Amazon offered restricted duty, but she did not return to work. She argued she

"didn't refuse" to work but claimed her symptoms were so severe at the time she was placed on restricted duty that she "couldn't walk."

## Findings of Fact and Conclusions of Law

At this expedited hearing, Ms. Nunn must prove she is likely to prevail at trial regarding her request for additional temporary disability benefits. Tenn. Code Ann. § 50-6-239 (d)(1) (2025).

The only issue is Ms. Nunn's entitlement to temporary disability benefits from 1) the date of injury until Amazon's first payment in January 2025, and 2) for the time after Amazon quit paying benefits in April 2025.

As to the date of injury, October 2024 to January 2025, Ms. Nunn admitted Amazon made an offer of restricted duty. She claimed she did not "refuse" the offer but rather that she could not perform the work. However, an employee's subjective belief that she will be unable to perform assigned job duties, standing alone, is "not a reasonable basis upon which to award disability benefits." *Frye v. Vincent Printing Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *18 (Aug. 2, 2016). Thus, without a medical opinion that she was unable to work, Ms. Nunn is not likely to show at trial that she is entitled to benefits from the date of injury through January 2025.

To recover benefits for the period after Amazon quit paying them in April, Ms. Nunn must prove: she became disabled from working due to a compensable injury; a causal connection between the injury and her inability to work; and the duration of disability. *Lee v. Allied Universal*, 2026 TN Wrk. Comp. App. Bd. LEXIS 23, at *12 (Apr. 16, 2026).

Ms. Nunn offered no medical proof that she was disabled from working after April 2025. Instead, the only medical opinion in evidence is Dr. Nadel's opinion that Ms. Nunn could return to work as of February 26, 2025. Ms. Nunn's own opinion of her inability to work is insufficient proof. *Anderson v. City of Knoxville Dept. of Rec.*, 2026 TN Wrk. Comp. App. Bd. LEXIS 1, at *10 (Jan. 5, 2026). She is unlikely to prevail at trial on her entitlement to benefits for this timeframe as well.

**IT IS, THEREFORE, ORDERED** as follows**:**

1.  Amazon shall immediately schedule an appointment with the chosen ENT physician

3

2. Ms. Nunn's request for additional temporary disability benefits is denied.

3. Amazon shall continue to furnish Ms. Nunn with reasonable and necessary medical treatment causally related to her injury under Tennessee Code Annotated section 50-6-204(a)(1)(a).

4. The parties shall advise the Court within 30 days of any dispute regarding the panel selection for prompt adjudication. If none arises, a Status Hearing is set for **Monday, August 10, 2026, at 1:00 p.m. Central Time**. The parties must call 855-543-5038 to participate.

5. Unless appealed, compliance must occur within seven business days of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED May 11, 2026.**

_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits**:**

1. Collective medical records
2. Petition for Benefit Determination

4

# CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on May 11, 2026.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Terlanda Nunn, Employee | X | X | ███████████<br>█████████<br>█████████ |
| Allen Grant, Employer's Attorney | | X | agrant@hrslaw.com |
| Timothy Kellum, SIVRF Attorney | | X | timothy.kellum@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____
*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing       $ _____ per month

Gas              $ _____ per month    Child Care     $ _____ per month

Transportation   $ _____ per month    Child Support  $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____              _____

_____              _____

_____              _____

_____              _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082